IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lawrence Terry,<br><br>         Plaintiff,<br><br>vs.<br><br>Richland School District Two; Katinia Davis; Kappy Steck; Roger Wiley; Maranda Hayward; Benjamin Jackson; Shawn Williams; Amy Carpenter; Aneshia Seabrook; Ana Perez; Name Unknown Aide; Lisa Richardson,<br><br>         Defendants. | C/A No. 3:18-97-JFA-PJG<br><br>**ORDER** |

## I. INTRODUCTION

The *pro se* Plaintiff, Lawrence Terry, filed this action for violations of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq., and state law tort claims. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. On September 13, 2018, Defendants filed a Motion to Dismiss and Strike Improperly Named Defendants. (ECF No. 57). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the Defendant's Motion. (ECF No. 60). On September 17, 2018, Plaintiff responded. (ECF No. 64). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Plaintiff's Fourth Amended Complaint should be dismissed under 28 U.S.C. § 1915 and pursuant to FRCP Rule 12(b)(6), and also that supplemental jurisdiction over Plaintiff's state law claims be denied. (ECF No. 71). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on October 25, 2018. (ECF No. 74). Thereafter, Defendants filed a Reply to Plaintiff's Objections. (ECF No. 75). On June 12, 2019, Plaintiff filed a Motion for a Status Conference and/or Rule on Pending Motions. (ECF No. 76). Thus, this matter is ripe for review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, "general and conclusory objections that do not direct the court to a specific error in the Magistrate's proposed findings and recommendations" are not specific objections and do no warrant *de novo* review. *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

## II. BACKGROUND

Plaintiff was previously employed by Defendant Richland School District Two ("the School District") around November of 2014. In August 2016, Plaintiff's minor son, "J.T.," enrolled as a student in the School District. In January 2017, J.T. was diagnosed with multiple learning disabilities, so the School District developed an Individual Education Plan ("IEP") and Behavior Intervention Plan ("BIP"). According to Plaintiff, Defendants failed to properly communicate with Plaintiff about J.T.'s IEP and BIP and also failed to provide J.T. accommodations for his disabilities.

At some point, Plaintiff filed an administrative claim with the South Carolina Department of Education regarding J.T.'s IEP or BIP, which resulted in a "due process hearing" in front of a hearing officer. Plaintiff claims the state hearing officer found that he was not entitled to a second due process hearing on new claims because the "stay put" was over. Specifically, Plaintiff asserts: "I do not agree with the SLHO findings that I did have the right to a second hearing on new claims but that she then stated it was moot based on 'stay put' being over." (ECF No. 26 p. 3).

## III. DISCUSSION

The Magistrate Judge suggests: "In light of Plaintiff's failure to articulate a claim for relief after four opportunities to amend his pleading, the court finds pursuant to its authority under 28 U.S.C. § 1915 that Plaintiff fails to state a plausible IDEA claim upon which relief can be granted, and dismissal of the claim is appropriate pursuant to Rule 12(b)(6)." (ECF No. 71 p. 4).

In construing the objections in light most favorable to Plaintiff, he makes two objections to the Report. First, Plaintiff disagrees with the Magistrates' finding that Plaintiff's Fourth Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiff argues that under

Part B of the IDEA CFR 300.516, any party who does not agree with the findings and decision in the state-level review has to bring a civil action in district court, so he did. Plaintiff then states:

> Under section 34 CFR 300.513 titled *"Separate request for a due process hearing"* clearly states, *"Nothing in the procedural safeguards section of the Federal regulations under Part B of IDEA (34 CFR 300.500 through 300.536) can be interpreted to prevent you filing a separate due process complaint on an issue separate from a due process complaint already filed."*

(ECF No. 74 p. 2).

Plaintiff argues that he filed this in the district court "[b]ased on both of those safeguards listed in the Parent Handbook. . . ." Plaintiff then explains that he "wrote specific details of the events that involved Part B of the IDEA" and goes on to quote the following from his Fourth Amended Complaint:

> *"I do not agree with the SLHO findings that I did have the right to a second hearing on new claims but that she then stated it was moot based on 'stay put' being over. The IEP that I referenced was created after the 'stay put'. Both parties came together to create a new IEP as the rules state we can under 34 CFR 300.518. Therefore, I would like my opportunity to a due process hearing."*

(ECF No. 74 p. 2).

Plaintiff argues: "I stated that I did not agree with the State Level Hearing Officer in my complaint. I stated why and what I was requesting. I explained that the Defendants intentionally failed to comply with the agreed upon Individual Educational Plan and Behavior Intervention Plan."

As an initial matter, Plaintiff is correct that he may bring a civil action in federal court. However, under the Federal Rules of Civil Procedure, Plaintiff must articulate a claim for relief, which he has failed to do. Plaintiff's objection is without merit because he merely argues that he had a right to file a case in federal court and then goes on to quote his Fourth Amended Complaint. Plaintiff is correct that he stated he disagreed with the hearing officer and that he is requesting a

second due process hearing. However, as the Magistrate Judge correctly opines, Plaintiff does not allege any facts indicating what issues were litigated in the first due process hearing or why as a matter of law Plaintiff is entitled to a second due process hearing. Thus, Plaintiff's objection is overruled.

Plaintiff next objects to the Magistrate Judge's statement that "Plaintiff alleges no facts indicating what issues were litigated in the first due process hearing." Plaintiff's objection states:

> On page four of the Report and Recommendations it states, *"However, Plaintiff alleges no facts indicating what issues were litigated in the first due process hearing"* but that is chiefly my point and issue. I listed in my Amended Complaint, *"They later took it a step further negligently and intentionally refused to contact me although it was required that they do so as written and agreed upon in his IEP and RIP. We did not receive any notes on his behavior calendar nor were we informed his behaviors were worsening. That failure led us to believe his behavior was improving with him abiding by all of the school rules. The Defendants Richland Two, Perez, Seabrook, Davis, Steck, Heyward, and Jackson intentionally let J. T.'s disabilities continue unchecked just to document him being an unruly and uncontrollable child rather than one with serious social and emotional disabilities. We had no knowledge of that."*. On page seven of the Amended Complaint under Fraud and Constructive Fraud I listed, *"**f.** Defendants intentionally withheld material facts concerning J. T.'s behavior and actions; **g.** Plaintiff relied on the assumption that J.T.'s behavior was "good" based on the interpretations presented by the defendants which were later found to be false during the due process hearing;"*. The Defendants intentionally withheld information and committed fraud in order to gain an unfair advantage during the only due process hearing we had. I included more information under *"Violation of Civil Rights & Violation of IDEA Rights"* in the Amended Complaint.

(ECF No. 74 p. 3).

The Magistrate correctly opines that the relief Plaintiff seeks under the IDEA is somewhat unclear in the Fourth Amended Complaint. (ECF No. 71 p. 4). As the Magistrate points out, Plaintiff states that he disagrees with the hearing officer's decision and that he seeks a second due process hearing. (4th Amended Complaint, ECF No. 26 at 8). However, the Court cannot discern the precise nature of Plaintiff's claim because he does not allege any facts indicating what issues were actually litigated in the first due process hearing, or why as a matter of law Plaintiff is entitled

to a second due process hearing. Plaintiff's objection merely recites his factual allegations from his Fourth Amended Complaint. Plaintiff does not point out where he articulated what issues were actually litigated in the first due process due hearing or why he is entitled to a second due process hearing as a matter of law. Thus, Plaintiff's objection is without merit and is overruled.

Additionally, the Magistrate Judge correctly opines that to the extent Plaintiff is attempting to assert a claim on behalf of his son J.T., that claim should also be dismissed because Plaintiff has not retained counsel to represent his son even though this Court has warned Plaintiff that he cannot represent his son *pro se*. *See Myers v. Loudoun Cty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005). The Magistrate Judge also correctly opines that since the only federal claim in this case is recommended for dismissal, the Court should also decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action.[2] 28 U.S.C. § 1367. Plaintiff does not object to these suggestions in the Report. In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In sum, Plaintiff's IDEA claim is dismissed pursuant to 28 U.S.C. § 1915 and pursuant to FRCP Rule 12(b)(6). To the extent Plaintiff seeks relief for his son J.T under the IDEA, such a claim is dismissed for failure to comply with a Court order to retain counsel for his son. Additionally, as Plaintiff's only federal claim is dismissed, this Court declines to exercise supplemental federal jurisdiction over Plaintiff's remaining state law claims.

---

[2] In his Fourth Amended Complaint, Plaintiff asserts the following state law causes of action: negligence, gross negligence, negligent supervision, negligent misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, and constructive fraud.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference. Accordingly, this Court **adopts** the Magistrate Judge's Report and Recommendation. (ECF No. 71). Plaintiff's Motion for a Status Conference and/or Rule on any Pending Motions (ECF No. 76) is **moot**. Thus, Defendant's motion to dismiss (ECF No. 57) is granted and this action is **dismissed** without prejudice.

IT IS SO ORDERED.

June 19, 2019　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge